(April 9, 1987)

■ Marilyn Lichtman, Doing Business as DeWitt Nursing Home, Respondent, v Rhoda Grossbard, Individually and as Conservator of Jules Grossbard, Appellant.—Judgment, Supreme Court, New York County (Amos E. Bowman, J.), entered March 10, 1986, against defendant Grossbard, both in her role as conservator for her husband and in her individual capacity as wife, unanimously modified, on the law and the facts, to vacate that portion of the judgment which imposed individual liability, and otherwise affirmed, with costs.

Defendant Rhoda Grossbard admitted her husband, Jules Grossbard, to plaintiff DeWitt Nursing Home after Mr. Grossbard suffered a stroke. Defendant, serving as her husband's conservator, filled out the DeWitt admission form, but did not sign those sections by which she would have undertaken financial responsibility for the patient's care. Defendant paid the initial DeWitt bills from payments made by the President Container Company, the family business. When these payments ceased, DeWitt Nursing Home brought an action against defendant, both individually and in her capacity as conservator, seeking the balance.

The trial court awarded the plaintiff judgment against defendant in her role as conservator for her husband, but dismissed the complaint against the defendant in her individual capacity as wife, finding no statutory or common-law basis for imposing individual liability. Since defendant never signed those sections of the admission form which would have imposed individual liability against her, the court determined that defendant was a "mere conduit" through which the

payments from the family business to the plaintiff were made. Consequently, the court held that the defendant had not made an agreement to be personally liable for the services rendered by DeWitt.

Plaintiff moved by order to show cause, seeking an order pursuant to CPLR 4404 (b), setting aside that portion of the verdict which found defendant was not individually liable, and holding defendant individually liable. In a modified decision, the trial court directed entry of judgment against defendant in her individual capacity as wife. The court stated it had "misapprehended the facts" and that a "totality of the circumstances" established an express agreement by the defendant to be personally liable for the services rendered to her husband. The court found imposition of individual liability further justified by Domestic Relations Law § 32 (4) which stated: "Wife liable for support of her husband if he is incapable of supporting himself". This subdivision had been deleted from section 32 effective July 19, 1980 (L 1980, ch 281, § 3).

The trial court erred in its revised decision when it found defendant individually liable. Defendant did not make any written agreement to be personally liable for the services rendered by DeWitt. Defendant had not signed the second paragraph of the admission form which directly related to individual liability, nor had she signed any section on the back of the form relating to individual liability. This is a clear indication that the defendant was careful not to assume such individual liability. Moreover, the record does not contain any evidence of an oral promise to pay for the services rendered to Mr. Grossbard. Defendant did testify that she "agreed to pay the bills", but clarified this response by stating she had merely agreed to transfer the funds she received from her husband's company to the nursing home. Her statement related simply to the process of transferring the money she received from the President Container Company to the nursing home, and did not constitute an oral agreement to be individually liable for the debt of her husband. In any event, such alleged oral agreement would have been rendered unenforceable under the Statute of Frauds, codified in section 5-701 (2) of the General Obligations Law, which requires that such agreements be in writing.

Plaintiff made no claim pursuant to section 32 of the Domestic Relations Law, yet the court's revised decision held that appellant was liable under that section in the absence of any agreement on the defendant's part. Section 32 only applied to proceedings under article 3-A of the Domestic Rela-

tions Law, which is New York's enactment of the Uniform Support of Dependents Law. The instant action is not one brought under article 3-A. In addition, all references to "court" in section 32 relate to the Family Court of New York State. Thus, section 32 of the Domestic Relations Law would have had no application to the instant action.

Accordingly, the judgment is modified by deleting that portion imposing individual liability upon the defendant for health care services rendered to her husband by the DeWitt Nursing Home. Concur—Murphy, P. J., Sandler, Milonas, Rosenberger and Smith, JJ.