■ LEONARD W. HOUSTON, SR., Appellant, v TRANS UNION CREDIT INFORMATION Co., Respondent.—Order, Supreme Court, New York County (William J. Davis, J.), entered on or about April 19, 1989, unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment and reinstating the complaint, and otherwise affirmed, without costs; and all further proceedings are *sua sponte* stayed pending resolution of the related Federal action previously brought by plaintiff against defendant.

On or about February 1, 1988, *pro se* plaintiff, Leonard Houston, commenced an action against defendant, Trans Union Credit Information Co., in the United States District Court for the Southern District of New York, asserting violations of the Federal Fair Credit Reporting Act (15 USC § 1681 *et seq.).* Specifically, plaintiff alleged that he had been the subject of an inaccurate and misleading credit report issued by defendant to the Monogram Bank, and sought compensatory and punitive damages in excess of $50,000.

Plaintiff thereafter commenced, on or about April 15, 1988, the instant action, which arises out of the same alleged wrong, i.e., the dissemination of allegedly false and inaccurate credit information, and which involves substantially the same issues. In its verified answer dated May 18, 1988, defendant raised, *inter alia,* the affirmative defenses of lack of personal jurisdiction and another action pending between the same parties for the same cause of action.

By order entered July 12, 1988 (Diane Lebedeff, J.), defendant's jurisdictional challenge was referred to a Referee to hear and to report. Prior to the traverse on this threshold issue, however, *pro se* plaintiff served, in August 1988, interrogatories and other discovery demands. Upon defendant's failure to comply therewith, plaintiff moved, on November 1, 1988, to strike the verified answer. Defendant opposed the motion to strike and cross-moved, on or about November 14, 1988, for summary judgment on its defense of another action pending. The motion was heard by Justice Davis, who denied

plaintiff's motion to strike and granted summary judgment dismissing the complaint.

We modify to deny the motion for summary judgment and reinstate the complaint, and *sua sponte* direct that all further proceedings be stayed pending resolution of the Federal matter.

As commonly employed, the motion for summary judgment is based upon the over-all merits of the case rather than on an individual defense. It is, however, acceptable practice to move for summary judgment on grounds listed in CPLR 3211 (a) when these are asserted as defenses in the answer rather than as bases for dismissal. (Siegel, NY Prac § 283, at 339-340; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:20, at 439.) Of course, a summary judgment disposition rendered upon a ground which does not permanently dispose of the action on its merits is res judicata only as to the issue decided, and will not necessarily preclude a new action. *(Ibid.)*

In the instant case, any State claims which are still actionable at the conclusion of the Federal matter may be vulnerable to Statute of Limitations challenges. For this reason, and in light of all of the circumstances attending this case, including the existence of the prior order directing a traverse on the issue of personal jurisdiction, it was an abuse of discretion for the court to have dismissed the action, rather than employ the less drastic remedy of stay. *(See,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.24; CPLR 3211 [a] [4]; 2201.) Concur—Kupferman, J. P., Ross, Asch, Kassal and Rosenberger, JJ.