■ Harold B. Pomeranz et al., Respondents, v Edward K.

BLODNICK et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about January 10, 1990, which, *inter alia,* denied defendants' motion for summary judgment dismissal of the complaint and granted plaintiffs' cross motion for an injunction barring defendants from billing clients of the defendant law firm who were originated as such by plaintiffs and from commencing or prosecuting any lawsuits against such clients, unanimously affirmed, without costs.

Three of the four plaintiffs were equity partners and shareholders in defendant law firm, Blodnick, Pomeranz, Reiss, Schultz & Abramowitz, P. C. The fourth plaintiff, Harold Pomeranz, was at all times a "contract partner" of said firm, retained to perform legal services for the firm, without ever becoming an equity partner or shareholder. Plaintiffs assert that in January 1989, it was agreed they would sever their relationship with defendant firm under the following terms. As of January 31, 1989, the three equity partners-shareholders would withdraw as such and transfer their shares back to the firm and temporarily become "contract partners"; the four plaintiffs would be recognized as a unit with all accounts receivable and work in progress respecting their clients to belong to the unit in full satisfaction of all amounts that might be owed to them; all fees received from their clients through January 31, 1989 were to be the firm's property, but all fees received from such clients after that date were to be deposited in a separate bank account for the unit's benefit; the unit was to pay the firm certain expenses for the continued use of the firm's office space, staff and equipment; and upon final termination, the unit was to vacate the firm's premises. These terms were memorialized in a written document, which however was never executed. Plaintiffs assert that defendants' representatives nonetheless affirmed that they were bound by its terms, which were implemented to a large degree before defendants sought to repudiate the arrangement. The unit bank account was established; plaintiffs received or retained files of all their clients and collected fees from such clients. In April 1989, plaintiffs vacated the firm's premises upon defendants' demand and proceeded to relocate to their own office space.

In this action, plaintiffs sought, *inter alia,* enforcement of the alleged January 1989 agreement and defendants asserted the affirmative defense of the Statute of Frauds of UCC 8-319, and on appeal also raise the Statute of Frauds provisions of UCC 1-206. Plaintiffs' initial motion for a preliminary injunc-

tion barring interference with their alleged rights under the January 1989 agreement was denied on the basis, *inter alia,* that the enforceability of the agreement turned on disputed factual matters, that the asserted part performance was not of the type to take the matter outside of the Statute of Frauds, and that defendants' assurances to the court that there would be no duplicate billing of clients diminished any need for an injunction. Defendants then moved for summary judgment dismissal of the complaint on Statute of Frauds grounds and plaintiffs renewed their motion for a preliminary injunction, claiming that defendants had breached their prior assurances to the court and had in some instances commenced litigation with their clients seeking payment.

The Supreme Court properly denied defendants' dismissal motion as, even assuming the UCC Statute of Frauds provisions apply in the first instance, there are factual issues as to whether the part performance was unequivocally referable to the asserted oral agreement, such as to take the matter out of the scope of the Statute of Frauds *(Club Chain v Christopher & Seventh Gourmet,* 74 AD2d 277). Nor do we perceive any abuse of discretion in the court's grant of injunctive relief designed to prevent clients from becoming embroiled in this dissolution dispute and to protect plaintiffs' ongoing relationship with their clients *(see, Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324; *Eidelberg v Steinberg,* 6 AD2d 895). Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.