■ JOSEPH C. MAYER, Appellant, v DAVID HARRIS et al., Respondents. [594 NYS2d 329] —In an action to recover the balance allegedly due for professional psychiatric services, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated December 4, 1990, which granted that branch of the defendants' motion which was to dismiss the complaint on the basis of their Statute of Frauds defense and which denied as academic his cross motion for sanctions or to compel discovery.

Ordered that the order is reversed, on the law, with costs, the branch of the defendants' motion which was to dismiss the complaint is denied and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The defendants are the parents of an adult woman who was treated by the plaintiff. The plaintiff alleged in his complaint that the defendants specifically requested that he render these services and that he testify at their daughter's divorce trial. He also demanded a money judgment against the defendants for the services rendered.

In their amended answer, the defendants asserted an affirmative defense based on the Statute of Frauds, as well as affirmative defenses based on the alleged absence of privity of contract between themselves and the plaintiff, and on the Statute of Limitations. The defendants subsequently moved to dismiss "on the grounds that the pleading fails to state a cause of action and that the cause of action cannot be maintained because of the lack of privity and Statute of Frauds".

The plaintiff cross-moved for sanctions and to compel discovery (see, CPLR 3126, 3124).

The Supreme Court entertained the defendants' motion pursuant to CPLR 3212, finding that "section 3211 of the CPLR is not a proper vehicle in which to bring this motion". The court granted only that branch of the motion which was premised on the Statute of Frauds. Having granted that branch of the defendants' motion, the Supreme Court held that the remaining aspects of the motion, as well as the cross motion, were academic. This appeal followed.

The defendants argue that the plaintiff's claim for money damages is barred by that portion of the Statute of Frauds which requires a written memorandum in order to enforce any "special promise to answer for the debt, default or miscarriage of another person" (General Obligations Laws § 5-701 [a] [2]; see generally, Lichtman v Grossbard, 129 AD2d 437, amended 133 AD2d 38, affd 73 NY2d 792; Bassford v Radsch, 6 AD2d 804; 61 NY Jur 2d, Statute of Frauds, §§ 64-65). The plaintiff claims, among other things, that an issue of fact exists as to whether the defendants' part performance of their alleged oral promise was sufficient to take this case out of the scope of the Statute of Frauds (see generally, Pomeranz v Blodnick, 162 AD2d 323; Spodek v Riskin, 150 AD2d 358; 61 NY Jur 2d, Statute of Frauds, § 258).

Under these and all the other circumstances of this case, we cannot determine whether the plaintiff was prejudiced by the mislabeling of the defendants' post-answer motion as one made pursuant to CPLR 3211 rather than 3212 (see, Rich v Lefkovits, 56 NY2d 276; see also, Mihlovan v Grozavu, 72 NY2d 506; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:20, at 326-327). We therefore conclude that the motion should not have been granted in the absence of notice pursuant to CPLR 3211 (c). We have examined the remaining aspects of the defendants' motion, and find no alternative basis upon which to affirm the order of dismissal (see, Menorah Nursing Home v Zukov, 153 AD2d 13, 26). Therefore, we remit the matter in order to allow the Supreme Court to rule on the plaintiff's cross motion (see, Menorah Nursing Home v Zukov, supra). Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.