PERRINE HERNANDEZ et al., Appellants, v COTTRELL, LTD., et al., Respondents, et al., Defendants. [646 NYS2d 12]

The documents on file with the Colorado Secretary of State do not designate any "post office address specifi[cally] for the purpose of mailing process" to either one of the two respondent corporations (Business Corporation Law § 307 [b] [2]). Because "no such address is there specified" (Business Corporation Law § 307 [b] [2]), the plaintiffs were free to mail process to any "registered or other office there specified" (Business Corporation Law § 307 [b] [2]). The present record shows that this is what the plaintiffs in fact did when they mailed process to an address in Englewood, Colorado, which is listed in the documents on file with the Colorado Secretary of State as the address of each corporation's "place of business". Because the plaintiffs strictly complied with the literal terms of Business Corporation Law § 307, the Supreme Court erred in dismissing the action on this ground (cf., Stewart v Volkswagen of Am., 81 NY2d 203; Flick v Stewart-Warner Corp., 76 NY2d 50).

In light of its determination, the Supreme Court did not address the remaining issues raised in the defendants' cross motion, nor did it address the issues in the plaintiffs' motion. These issues were not briefed on appeal. Under these and all the other circumstances presented, the matter is remitted to the Supreme Court, Orange County, for further proceedings (see, Hudson Val. Cablevision Corp. v 202 Developers, 185 AD2d 917; Mayer v Harris, 191 AD2d 484; Menorah Nursing Home v Zukov, 153 AD2d 13, 26). Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.