■ Fapco Landscaping, Inc., et al., Respondents, v Valhalla Union Free School District, Appellant. (And a Third-Party Action.) [877 NYS2d 448]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered March 5, 2008, which denied its motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is granted.

The Supreme Court incorrectly denied the motion by the defendant, Valhalla Union Free School District (hereinafter the School District), for summary judgment dismissing the amended complaint to recover damages for breach of contract. The School District made a prima facie showing of entitlement to summary judgment on statute of limitations grounds (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The School District submitted a copy of a letter from the plaintiffs' attorney, dated

July 28, 2004, wherein the plaintiffs made a demand for payment for the construction of two athletic fields on school property, setting August 4, 2004, as the deadline for payment. The School District submitted a copy of its letter in response dated July 29, 2004, wherein it rejected the plaintiffs' demand for payment. The School District also established by affidavit that on January 1, 2004, it rejected the demand for payment by the plaintiff American Athletic Field Developers, Inc. (hereinafter AAFD), for construction work it did on the athletic fields. The School District thus established that the cause of action asserted by the plaintiff Fapco Landscaping, Inc., accrued at the earliest on July 29, 2004, and at the latest on August 4, 2004, and that the cause of action asserted by AAFD accrued on January 1, 2004 (*see Matter of Prote Contr. Co. v Board of Educ. of City of N.Y.,* 198 AD2d 418, 420 [1993] ["As a general rule in contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach"]). Thus, the School District made a prima facie showing that the action, commenced on September 29, 2005, was untimely as outside the one-year statute of limitations (*see* Education Law § 3813 [2-b]).

In addition, the School District made a prima facie showing of entitlement to summary judgment on the ground that the plaintiffs failed to serve a notice of claim (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 853; *Zuckerman v City of New York,* 49 NY2d at 562). Since the School District established that the one-year statute of limitations had expired, it established that the Supreme Court was without jurisdiction to grant the plaintiffs leave to serve a late notice of claim (*see* Education Law § 3813 [2-a], [2-b]).

In opposition to the School District's motion, the plaintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled (*see Zuckerman v City of New York,* 49 NY2d at 562).

The School District's remaining contentions are without merit. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.