■ WAN LI SITU, Respondent, v MTA BUS COMPANY, Appellant, et al., Defendants. [14 NYS3d 89]—

In an action to recover damages for personal injuries, the defendant MTA Bus Company appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered August 28, 2014, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination, on the merits, of the motion of the defendant MTA Bus Company in accordance with CPLR 3211 (c) after proper notice is given to the parties pursuant to that statute that the Supreme Court is treating the motion as a motion for summary judgment.

On May 24, 2011, the plaintiff allegedly was injured on a bus owned and operated by the defendant MTA Bus Company (hereinafter the defendant). On July 30, 2012, the plaintiff commenced this action against the defendant, among others. In its answer, the defendant asserted, as an affirmative defense, that the action was time-barred. After the note of issue was filed, the defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. The Supreme Court held that the defendant's motion was itself untimely because it was not made by the date that service of an answer was required. The defendant appeals, and we reverse.

CPLR 3211 (a) permits a defendant who wishes to raise a defense based on the statute of limitations to do so by way of a motion to dismiss. That section provides, in relevant part, that "[a] party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of

[the] statute of limitations" (CPLR 3211 [a] [5]). CPLR 3211 (e) provides that the defendant may make the motion to dismiss before its answer is required to be served, or may include the defense in its answer and seek relief later. When the defendant does neither, the defense is waived. "At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a) . . . . Any objection or defense based upon a ground set forth in paragraph[ ] . . . five . . . of subdivision (a) is waived unless raised either by such motion or in the responsive pleading" (CPLR 3211 [e]).

Contrary to the Supreme Court's determination, a defendant who wishes to assert the statute of limitations as a defense is not limited to asserting it by way of a pre-answer motion. The defendant may instead choose to raise that defense in its answer, and either move on that ground later in a motion for summary judgment, or wait until trial to have it determined (*see Fapco Landscaping, Inc. v Valhalla Union Free School Dist.*, 61 AD3d 922, 922-923 [2009]; *Houston v Trans Union Credit Info. Co.*, 154 AD2d 312, 313 [1989]; *see generally* Siegel, NY Prac § 283 [5th ed Jan. 2015]).

Here, the defendant did not make a pre-answer motion to dismiss the complaint, but raised the statute of limitations as an affirmative defense in its answer. Then, after the note of issue was filed, the defendant moved to dismiss the complaint on that ground. Although the defendant denominated its motion as a motion pursuant to CPLR 3211 (a) to dismiss the complaint, rather than as a motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, that procedural irregularity should have been excused under CPLR 2001, upon proper notice to the parties (*see* CPLR 3211 [c]; *see Rich v Lefkovits*, 56 NY2d 276, 280 [1982]; *Mayer v Harris*, 191 AD2d 484, 485 [1993]).

Accordingly, the matter must be remitted to the Supreme Court, Queens County, to give the parties notice that it will determine the defendant's motion in accordance with the provisions of CPLR 3211 (c), which permits a court to treat a motion pursuant to CPLR 3211 (a) as one for summary judgment, and thereafter for a determination of the motion on the merits (*see Hernandez v Cottrell, Ltd.*, 228 AD2d 648, 649 [1996]). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.