Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs. (2019 NY Slip Op 06558)





Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs.


2019 NY Slip Op 06558


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

528219

[*1]Julia Meisner, Respondent,
v
Hamilton, Fulton, Montgomery Board of Cooperative Educational Services, Appellant.

Calendar Date: August 21, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Johnson & Laws, LLC, Clifton Park (Gregg T. Johnson of counsel), for appellant.
Lombardi, Walsh, Davenport and Amodeo, PC, Albany (Paul E. Davenport of counsel), for respondent.



Mulvey, J.
Appeal from an order of the Supreme Court (J. Sise, J.), entered July 23, 2018 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

 Plaintiff enrolled in defendant's licensed practical nursing program (hereinafter LPN program), wherein she was evaluated according to various criteria, including her performance in the clinical setting. On March 1, 2013, defendant dismissed plaintiff from the LPN program. Almost one year later, plaintiff commenced this action alleging three causes of action — fraud, breach of contract and prima facie tort — based on her claim that her clinical supervisor knowingly made material misrepresentations when documenting her clinical performance and such misrepresentations led to plaintiff's improper dismissal from the LPN program. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion, concluding that the proof submitted by defendant was insufficient to meet its initial burden, evidence submitted in reply papers would not be considered and arguments seeking dismissal based on affirmative defenses were not properly the subject of the summary judgment motion. Defendant appeals.

 Supreme Court should have considered defendant's affirmative defenses on the summary judgment motion. Although the notice of motion did not cite CPLR 3211 (a), it did seek dismissal of the complaint in its entirety, as well as "such other and further relief" as the court deemed just and proper, and defendant's memorandum of law, submitted with the motion, addressed dismissal based on the statute of limitations and failure to exhaust administrative remedies, thereby providing plaintiff with adequate notice of these bases for the motion. A motion for summary judgment is generally "based upon the over-all merits of the case rather than on an individual defense," but it is "acceptable practice to move for summary judgment on grounds listed in CPLR 3211 (a) when these are asserted as defenses in the answer" (Houston v Trans Union Credit Info. Co., 154 AD2d 312, 313 [1989]; see CPLR 3211 [e]; John R. Higgitt, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3211:9 ["summary judgment may be sought on any basis (including a CPLR 3211 [a] ground) that resolves part or all of the case"]; see e.g. Fapco Landscaping, Inc. v Valhalla Union Free School Dist., 61 AD3d 922, 922-923 [2009] [addressing on summary judgment the defense of statute of limitations]; Sheils v County of Fulton, 14 AD3d 919, 921-922 [2005] [addressing on summary judgment the defense of failure to exhaust administrative remedies], lv denied 4 NY3d 711 [2005]). A defendant may raise an affirmative defense listed in CPLR 3211 (a) in a pre-answer motion to dismiss or, for most of those grounds, "may instead choose to raise that defense in its answer, and either move on that ground later in a motion for summary judgment, or wait until trial to have it determined" (Wan Li Situ v MTA Bus Co., 130 AD3d 807, 808 [2015]).

 Defendant's answer raised the statute of limitations defense and defendant argued on the motion that plaintiff's challenge was untimely as it should have been brought in a CPLR article 78 proceeding within four months of her dismissal from the LPN program. Courts have repeatedly addressed student challenges to dismissals from institutions of higher learning through the conduit of a CPLR article 78 proceeding (see Matter of Susan M. v New York Law School, 76 NY2d 241, 244 [1990]; Matter of Dopp v State Univ. of N.Y., 146 AD3d 1058, 1060 [2017], lv denied 29 NY3d 906 [2017]; Matter of Lipsky v Ferkauf Graduate Sch. of Psychology, 127 AD3d 582, 582 [2015]; Matter of Lusardi v State Univ. of N.Y. at Buffalo, 284 AD2d 992, 992 [2001], lv denied 97 NY2d 608 [2002]; see also Matter of Olsson v Board of Higher Educ. of City of N.Y., 49 NY2d 408, 412 [1980]). Because "the administrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters[,] . . . [c]ourts retain a restricted role in dealing with and reviewing controversies involving colleges and universities. In these so-called 'university' cases, CPLR article 78 proceedings are the appropriate vehicle because they ensure that the over-all integrity of the educational institution is maintained . . .. Thus, a CPLR article 78 proceeding is the route for judicial review of such matters, not a plenary action. Notably, when litigants fail to avail themselves of the CPLR article 78 avenue, courts may justifiably dismiss plenary claims premised upon alleged failures to follow applicable principles set forth in employee [or student] handbooks" (Maas v Cornell Univ., 94 NY2d 87, 92 [1999] [internal quotation marks and citations omitted]; see Klinge v Ithaca Coll., 244 AD2d 611, 613 [1997]; Gertler v Goodgold, 107 AD2d 481, 486-487 [1985], affd 66 NY2d 946 [1985]).

 Moreover, where a student's challenge to a termination from a school has not been brought pursuant to CPLR article 78 or been filed within the applicable four-month statute of limitations, courts have dismissed the action (see Frankel v Yeshiva Univ., 37 AD3d 760, 760 [2007], lv denied 9 NY3d 802 [2007]; Diehl v St. John Fisher Coll., 278 AD2d 816, 816-817 [2000], lv denied 96 NY2d 707 [2001]; see also Silverman v New York Univ. School of Law, 193 AD2d 411, 411 [1993], lv denied 82 NY2d 658 [1993]). "[A]lthough . . . the determinations of educational institutions as to the academic performance of their students are not completely beyond the scope of judicial review, that review is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute" (Matter of Susan M. v New York Law School, 76 NY2d at 246 [internal citations omitted]; see Matter of Dopp v State Univ. of N.Y., 146 AD3d at 1061); those are typical questions addressed under CPLR article 78 (see CPLR 7803 [3]). "CPLR article 78 relief is available to review the actions of [a school or] university and to make inquiry to determine whether it abided by its own rules and 'whether [it] has acted in good faith or its action was arbitrary or irrational'" (Grogan v Saint Bonaventure Univ., 91 AD2d 855, 855 [1982] [internal citations omitted], quoting Tedeschi v Wagner Coll., 49 NY2d 652, 658 [1980]).

 Plaintiff's separate causes of action sounding in breach of contract, fraud and prima facie tort are all, at their core, challenges to defendant's actions in dismissing her from the LPN program in a manner that allegedly was not in good faith and was without a sound factual basis, rendering her dismissal arbitrary and capricious. Thus, she should have brought her challenge in a CPLR article 78 proceeding. Although courts generally possess the authority to convert a plenary action to a CPLR article 78 proceeding if jurisdiction of the parties has been obtained (see CPLR 103 [c]), conversion is not appropriate where the claims are barred by the four-month statute of limitations governing CPLR article 78 proceedings (see Gertler v Goodgold, 107 AD2d at 487). Because plaintiff commenced this action more than four months after defendant dismissed her from the LPN program, defendant was entitled to have the complaint dismissed as time-barred.

 Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.



 ORDERED that the order is reversed, on the law, without costs, motion granted and complaint dismissed.