Smith, Gambrell & Russell, LLP v 3 W. 16th St., LLC (2023 NY Slip Op 04952)

Smith, Gambrell & Russell, LLP v 3 W. 16th St., LLC

2023 NY Slip Op 04952

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 654238/21 Appeal No. 677 Case No. 2023-00730 

[*1]Smith, Gambrell & Russell, LLP, Plaintiff-Appellant,
v
3 West 16th Street, LLC, Defendant-Respondent.

Smith, Gambrell & Russell, LLP, New York (John G. McCarthy of counsel), for appellant pro se.
Michael A. Mishaan, P.C., New York (Michael A. Mishaan of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about December 15, 2022, which granted defendant's CPLR 3211(a)(5) motion to dismiss the complaint as barred by the statute of limitations and, in effect, denied plaintiff's CPLR 3212 motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for Supreme Court to notify the parties that it will treat defendant's motion to dismiss as a motion for summary judgment in accordance with CPLR 3211(c), to thereafter consider the merits of that motion, and if necessary, to consider the merits of plaintiff's motion for summary judgment.
By summons and complaint dated July 8, 2021, plaintiff commenced this action against defendant to recover approximately $360,000 in unpaid counsel fees. Defendant answered on or about August 18, 2021 and asserted the statute of limitations as an affirmative defense. On September 1, 2022, defendant moved under CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations. Defendant's post-answer motion to dismiss was not timely (CPLR 3211 [e]; e.g. Han v New York City Tr. Auth., 203 AD3d 511, 512 [1st Dept 2022]). Thus, the motion could not be properly considered unless the parties were given adequate prior notice that the motion would be treated as a motion for summary judgment under CPLR 3212 or unless an exception to the notice requirement applied (see CPLR 3211[c]; Rich v Lefkovits, 56 NY2d 276, 281-282 [1982]; see also Wiesen v New York Univ., 304 AD2d 459, 460 [1st Dept 2003]). Because defendant does not argue that adequate notice was given or that an exception to the notice requirement applied, we reverse and remand for consideration after the parties are given the requisite notice (see e.g. Wan Li Situ v MTA Bus Co., 130 AD3d 807, 808 [2d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023