■ MID-STATE PRECAST SYSTEMS, INC., Appellant, v COR- BETTA CONSTRUCTION COMPANY, INC., et al., Defendants, and TRAVELERS INDEMNITY COMPANY, Defendant on Counterclaim and Third-Party Plaintiff-Respondent. CHARLOTTE ST. BUILD- ERS, INC., et al., Third-Party Defendants-Appellants.—Yesa- wich, Jr., J. Appeal from an order of the Supreme Court (Fischer, J.), entered January 20, 1987 in Broome County, which denied plaintiff's and third-party defendants' motion for dismissal or, in the alternative, a severance and stay of the third-party action.

Plaintiff, a subcontractor in the construction of a new headquarters for Union Carbide Corporation, commenced an action against defendant Corbetta Construction Company, Inc., the general contractor, in July 1980. Plaintiff alleged wrongful withholding of amounts received in settlement from Union Carbide and owed to plaintiff, and sought additional compensation for work done on the project. Corbetta denied that plaintiff had any interest in the settlement and counter- claimed for, *inter alia,* breach of contract. In 1985, Corbetta learned, upon deposing plaintiff's president, that plaintiff had become a corporate shell with little or no assets. Corbetta therefore amended its counterclaim to include plaintiff's surety, Travelers Indemnity Company, as a counterclaim de- fendant. Travelers in turn counterclaimed against plaintiff and impleaded third-party defendants, George and John Sarki- sian and a group of corporations they operated, including plaintiff, all of whom had agreed to indemnify Travelers on a payment and performance bond in connection with plaintiff's work on the Union Carbide project (hereinafter third-party defendants will be referred to as the indemnitors). The indem- nitors and Travelers have been involved in other litigation revolving around this indemnity relationship since 1981.

Plaintiff and the indemnitors together moved, pursuant to CPLR 3211 (a) (4), to dismiss Travelers' counterclaim and its third-party complaint upon the ground that another action was pending between Travelers and the indemnitors in Fed- eral court, and alternatively for a severance and stay of the counterclaim and third-party litigation *(see,* CPLR 603, 1010).

At issue is whether Supreme Court abused its discretion in denying the motion. We hold that it did not.

To sustain a motion to dismiss under CPLR 3211 (a) (4), the moving party must demonstrate that the pending action is between the same parties for the same causes of action seeking substantially the same relief (*see, Kent Dev. Co. v Liccione,* 37 NY2d 899, 901). Plaintiff and the indemnitors have not met this test. In the third-party action, Travelers asserts "pass through" liability for the Union Carbide project based on a facially valid indemnity agreement; while in the Federal litigation, Travelers seeks to enforce establishment of a $3,600,000 reserve to be funded by the indemnitors to cover claims, suits and judgments under bonds Travelers issued by or on behalf of the indemnitors and related companies involving six other projects. Furthermore, even if the actions were substantially the same, barring evidence that justice will be disserved by a trial court's decision, the breadth of its discretion to grant or deny dismissal under CPLR 3211 (a) (4) is such that the decision is to be respected on appeal (*see, Whitney v Whitney,* 57 NY2d 731, 732).

Whether severance is appropriate also is a matter resting within a trial court's sound judgment, subject only to review for abuse of discretion or prejudice to a substantial right (*see, County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508, 509). As Supreme Court in this case pointed out, plaintiff and the indemnitors have failed to satisfactorily substantiate that their rights will be prejudiced by the third-party action. Indeed, it appears that severance will most likely prejudice Travelers in that plaintiff has no incentive to defend against Corbetta's counterclaim given its apparent lack of assets, whereas retention of the indemnitors in the lawsuit guarantees a defense to the counterclaim by parties, some of whom presumably have firsthand knowledge regarding the issues involved and all of whom have a meaningful interest in the outcome.

We have considered the other contentions advanced by plaintiff and the indemnitors and find them without merit.

Order affirmed, with one bill of costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.