■ ATALINE CAUDILL, as Parent and Guardian of KATHERINE CAUDILL, an Infant, Respondent, v PAULA MCGREEVY, Appellant. [748 NYS2d 887] —Mercure, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered January 17, 2002 in Franklin County, which denied defendant's motion to dismiss the complaint on the ground that there is another action pending.

This is the second of two medical malpractice actions filed by plaintiff arising out of events that took place in April 1992 at Adirondack Medical Center (hereinafter AMC) in the Town of Saranac Lake, Franklin County. Plaintiff was pregnant with her daughter when she was admitted to AMC on April 24, 1992, exhibiting symptoms of toxemia. She was treated by various hospital staff members, including obstetrician Denise Ferrando and defendant, a registered nurse. The infant was born by cesarean section four days later, suffering from, among other deficits, quadriplegic spastic cerebral palsy and mental retardation.

In December 1997, plaintiff commenced her first medical malpractice action on behalf of the infant, naming AMC and Ferrando as parties defendant. The action against Ferrando has since been settled; however, the action continues against AMC.* In June 2000, plaintiff commenced this action against defendant, alleging that her negligence in failing to adequately monitor and assess plaintiff contributed to delayed treatment, including a delay in the delivery of plaintiff's child by cesarean section, which allegedly led to the oxygen deprivation that caused her permanent injuries. Defendant moved to dismiss the instant action based upon the pendency of plaintiff's action against AMC. Supreme Court denied the motion. We affirm.

---

* This Court affirmed an order of Supreme Court denying AMC's motion to dismiss the complaint in the first action (*Caudill v Ferrando*, 290 AD2d 845).

Courts enjoy broad discretion when considering an application to dismiss an action on the ground that another action is pending between the same parties dealing with a similar issue (*see* CPLR 3211 [a] [4]; *see also Whitney v Whitney*, 57 NY2d 731, 732). Given the circumstances presented here, we find that Supreme Court did not abuse its discretion by denying the motion to dismiss. Although the legal theories may be similar and are based upon some of the same actionable wrongs, the identities of AMC as a corporate employer and defendant as an individual are, obviously, not "substantially identical"; hence, dismissal of the action against defendant is unwarranted (*Cliff v Mayo*, 271 AD2d 763, 764; *see Matter of Schaller v Vacco*, 241 AD2d 663). Finally, Supreme Court properly declined to order consolidation sua sponte (*Matter of Amy M.*, 234 AD2d 854, 855; *Lazich v Vittoria & Parker*, 196 AD2d 526, 530, *lv denied* 82 NY2d 656), instead inviting a motion for such relief.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.