■ ROBERT LEE, Respondent, v STUNT SPORTSWEAR USA, INC., et al., Appellants. [770 NYS2d 8]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 17, 2003, which granted plaintiff's motion to vacate the dismissal of his action under index number 114983/96 (Action No. 1), which was consolidated with another action defendant Stunt Sportswear USA had brought against plaintiff under index number 606288/97 (Action No. 2), restored the consolidated action to active status, and denied defendants' cross motion to dismiss the complaint for failure to prosecute, unanimously affirmed, without costs. Order, same court and

Justice, entered January 17, 2003, which denied defendants' motion to dismiss plaintiff's action under index number 602280/02 (Action No. 3), unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, on the ground that there is another action pending between the parties.

These three actions arise out of an agreement whereby Stunt Sportswear USA purchased plaintiff's interest in its import and distribution business. In Action No. 1, plaintiff sought to enforce the agreement. In Action No. 2, Stunt Sportswear USA asserted claims against plaintiff in connection with his alleged breach of noncompetition and nondisclosure covenants. In Action No. 3, brought after the dismissal of the consolidated Actions Nos. 1 and 2, plaintiff asserts causes of action identical to those in the second amended complaint of Action No. 1.

Defendants' motion to dismiss the consolidated action was predicated on plaintiff's failure to comply with a conditional order of dismissal, directing him to file a note of issue by August 17, 2001. However, prior to the issuance of the order dismissing the action, the court issued an intervening preliminary conference order directing plaintiff to file a note of issue by September 30, 2001, clearly superseding the earlier conditional order of dismissal (*see Anzalone v Pan-Am Equities*, 271 AD2d 307, 308 [2000]). Plaintiff was therefore not in default of the conditional order, and the action was properly restored.

Since the consolidated action is sub judice, defendants cannot assert res judicata as a bar to the maintenance of Action No. 3. However, we exercise our discretion to dismiss that action on the ground that there is another action pending between the parties, arising out of the same transaction and involving the same claims (CPLR 3211 [a] [4]). Concur—Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.