■ PHILIP MANN, Appellant, v GEORGE RUSK, JR., et al., Respondents, et al., Defendant. [788 NYS2d 686]—

Mercure, J.P. Appeal from an order of the Supreme Court (Czajka, J.), entered July 28, 2003 in Ulster County, which, inter alia, granted certain defendants' motion to dismiss the complaint.

This action involves a joint revocable trust established in 1994 by Harry Malasky (hereinafter decedent) and his wife, defendant Marion Malasky. Defendant Louis A. Klein succeeded decedent as a cotrustee with Malasky after decedent's death in 1995. Plaintiff, decedent's child from a previous marriage, has been involved in extensive, ongoing litigation regarding the trust with Malasky and Klein in Surrogate's Court, resulting in three prior appeals to this Court (*see Matter of Malasky*, 302 AD2d 761 [2003]; *Matter of Malasky*, 290 AD2d 631 [2002]; *Matter of Malasky*, 275 AD2d 500 [2000]). In 2002, plaintiff commenced this action against Malasky, Klein, and their current and former attorneys in the Surrogate's Court proceeding, asserting causes of action sounding in fraud and conversion. Upon a motion by all defendants except Malasky, Supreme Court dismissed the complaint in its entirety. Plaintiff appeals, arguing that Supreme Court erred in dismissing the complaint for failure to state a cause of action for fraud and conversion.

"It is well settled that on a motion to dismiss for failure to state a claim, the court 'must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory' " (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004], quoting *1455 Wash. Ave. Assoc. v Rose &*

*Kiernan*, 260 AD2d 770, 771 [1999]). To state a cause of action for fraud, a plaintiff must allege that a person knowingly misrepresented a material fact, upon which the plaintiff justifiably relied, resulting in an injury (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *DonDero v Gardner*, 267 AD2d 830, 831 [1999]). Here, plaintiff alleges essentially that Klein and Malasky committed themselves to a particular interpretation of the trust and then, in the context of the Surrogate's Court litigation and upon the defendant attorneys' advice, adopted a new interpretation of the trust that altered the distribution of the trust funds in a manner more favorable to Malasky. We agree with the moving defendants that, even if true, these allegations are insufficient to state a cause of action inasmuch as plaintiff could not reasonably rely on the legal opinions or conclusions of another party's attorney (*see e.g. Aglira v Julien & Schlesinger*, 214 AD2d 178, 185 [1995]). Nor has plaintiff shown that he ever relied on the representations of Klein and Malasky. Indeed, plaintiff has consistently advanced his own, contrary interpretation of the trust in the related Surrogate's Court proceeding (*see Matter of Malasky*, 275 AD2d 500 [2000], *supra*).

Similarly, plaintiff's cause of action for conversion against the moving defendants was properly dismissed. That claim also is based upon the interpretation of the trust advanced by the moving defendants in the Surrogate's Court proceeding or upon actions of Malasky undertaken after Klein resigned as trustee. Because plaintiff failed to allege " '[i]nterference with a right of possession . . . , the essence of conversion' " (*Meese v Miller*, 79 AD2d 237, 242 [1981]; *see Hart v City of Albany*, 272 AD2d 668, 668 [2000]), the complaint does not state a cause of action for conversion against the moving defendants.

We agree with plaintiff, however, that in the absence of a motion pursuant to CPLR 3211 (a) or (b) to which Malasky was a party, Supreme Court improperly searched the record and dismissed plaintiff's claims against Malasky (*see* CPLR 3211 [c]; *see generally* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:40, C3212:23; *cf. Lynch v Upper Crust*, 294 AD2d 237, 238 [2002]). While a court may, upon proper notice, convert a motion to dismiss a cause of action or a motion to dismiss a defense into a motion for summary judgment under CPLR 3211 (c), the statute expressly contemplates the existence of a CPLR 3211 (a) or (b) motion involving the party to whom or against whom relief is granted. Accordingly, the order must be modified to reinstate plaintiff's causes of action against Malasky.

We have considered plaintiff's remaining arguments and conclude that they are either not properly before us or otherwise meritless.

Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the causes of action asserted against defendant Marion Malasky; said causes of action reinstated; and, as so modified, affirmed.