■ PHILLIP MANN, Appellant, v MARION MALASKY, Respondent. [839 NYS2d 567]—

Mugglin, J. Appeal from an order of the Supreme Court (Work, J.), entered April 4, 2006 in Ulster County, which granted defendant's motion to dismiss the complaint.

When this case was last here, we affirmed the preanswer dismissal of plaintiff's complaint for failure to state either a cause of action for fraud or conversion against any moving party, all of whom were the attorneys for the trustees (*Mann v Rush*, 14

AD3d 909 [2005]). However, we modified to reinstate the causes of action against defendant finding that, as a nonmovant, Supreme Court should not have granted CPLR 3211 relief to her. After defendant served her answer (in which she pleaded the affirmative defenses of failure to state a cause of action and that another action is pending for the same relief), she moved for summary judgment. Supreme Court, while noting that the motion was described as one for summary judgment, elected to treat it as a motion to dismiss pursuant to CPLR 3211 (a) (4) and (7) and dismissed the complaint. Plaintiff appeals and first asserts that Supreme Court improperly converted a summary judgment motion to a CPLR 3211 motion to dismiss.

We disagree. Once issue was joined, defendant properly framed the dismissal request as one for summary judgment (*see Kavoukian v Kaletta*, 294 AD2d 646 [2002]) and may base the motion on CPLR 3211 (a) grounds which have been asserted in the answer (*see Houston v Trans Union Credit Info. Co.*, 154 AD2d 312, 313 [1989]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:20).

On the merits, in dismissing the fraud cause of action, we find that Supreme Court properly relied upon our findings in the prior appeal. As we there noted, plaintiff alleged that defendant committed herself to a particular interpretation of the trust and then, in the context of the pending litigation in Surrogate's Court and on the advice of certain of the other defendants, adopted a new interpretation of the trust more favorable to herself (*Mann v Rusk, supra* at 910). However, "even if true, these allegations [were] insufficient to state a cause of action inasmuch as plaintiff could not reasonably rely on the legal opinions or conclusions of another party's attorney. Nor has plaintiff shown that he ever relied on the representations of [defendant]. Indeed, plaintiff has consistently advanced his own, contrary interpretation of the trust in the related Surrogate's Court proceeding" (*id.* [citations omitted]).

Also correctly dismissed was the cause of action for conversion. Supreme Court concluded that the relief sought in the Surrogate's Court proceeding was identical to that sought in the conversion claim. Courts enjoy broad discretion when considering whether to dismiss a claim on the ground that another matter is pending between the same parties dealing with a similar issue (*see* CPLR 3211 [a] [4]; *Caudill v McGreevy*, 299 AD2d 626 [2002]). Given the evidence before Supreme Court of the other claims pending in Surrogate's Court, we find that it providently exercised its discretion in granting dismissal of the conversion claim (*see Coppa v Fabozzi*, 5 AD3d 718 [2004]; *Lee v*

*Stunt Sportswear USA,* 2 AD3d 261 [2003]; *cf. Brancoveanu v Brancoveanu,* 303 AD2d 349 [2003]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.