■ Joseph Fischer, Appellant, v RWSP Realty, LLC, Doing Business as Prudential Rand Realty, et al., Respondents. [862 NYS2d 541]—

In an action, inter alia, to recover a real estate broker's commission, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated March 27, 2007, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that another action for the same relief was pending, and denied as academic his cross mo-

tion to dismiss the defendants' fifth and sixth affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the defendants properly framed their motion as one for summary judgment dismissing the complaint. Although a motion for summary judgment is usually based upon the overall merits of the case rather than on an individual defense, once issue has been joined, a motion for summary judgment may be based on CPLR 3211 (a) grounds which have been asserted in the answer (*see Mann v Malasky,* 41 AD3d 1136 [2007]; *Houston v Trans Union Credit Info. Co.,* 154 AD2d 312 [1989]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:20).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that a prior action between the parties was pending in Rockland County. In support of their motion, the defendants established that the Rockland County action arose out of the same alleged actionable wrongs as this action, and that both actions sought the same, or substantially the same, relief (*see Simonetti v Larson,* 44 AD3d 1028 [2007]; *Montalvo v Air Dock Sys.,* 37 AD3d 567 [2007]; *Lolly v Brookdale Hosp. Med. Ctr.,* 37 AD3d 428 [2007]; *Liebert v TIAA-CREF,* 34 AD3d 756, 757 [2006]). We note that while the complaint in the Rockland County action was dismissed by order entered September 1, 2006, the record reveals that the Supreme Court, Rockland County, subsequently granted the plaintiff's motion for reargument, and upon reargument, denied the defendants' motion to dismiss the complaint, and restored that action to the trial calendar. Thus, the Rockland County action was actually pending at the time the Supreme Court, Queens County, dismissed this action. Moreover, in light of the dismissal of the complaint in this action, the Supreme Court properly denied as academic the plaintiff's cross motion to dismiss the fifth and sixth affirmative defenses.

The plaintiff's request that the two actions be consolidated, with venue placed in Rockland County, is made for the first time on appeal and is thus not properly before this Court (*see Gayz v Kirby,* 41 AD3d 782, 783 [2007]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.