■ ELIZABETH LIGHT, Respondent, v LAWRENCE LIGHT et al., Defendants, and CHRISTINE MURO, Appellant. [883 NYS2d 553]—

In an action, inter alia, to recover damages for false arrest, the defendant Christine Muro appeals from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), entered March 18, 2008, as granted that branch of the plaintiff's motion which was to preclude certain testimony and evidence and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her and to disqualify the plaintiff's attorney.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was to preclude certain testimony and evidence and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A motion for summary judgment may be made after issue has been joined based on CPLR 3211 (a) grounds which have been asserted in the answer (*see Fischer v RWSP Realty, LLC,* 53 AD3d 594, 595 [2008]; *Mann v Malasky,* 41 AD3d 1136 [2007]). Accordingly, the appellant could move for summary judgment dismissing the complaint insofar as asserted against her after she served her answer, based upon the affirmative defense of failure to state a cause of action (*see* CPLR 3211 [a] [7]; [e]). Contrary to the plaintiff's contention, the doctrine of the law of the case does not apply, as the Supreme Court did not determine, on the merits, whether the complaint stated valid causes of action on the previous motion pursuant to CPLR 3211 (a) (1) (*see Kopsidas v Krokos,* 18 AD3d 822 [2005]; *Gay v Farella,* 5 AD3d 540 [2004]).

The complaint states valid causes of action to recover damages for false arrest, false imprisonment, and malicious prosecution (*see D'Elia v 58-35 Utopia Parkway Corp.,* 43 AD3d 976, 978 [2007]; *Meltzer v Meltzer,* 41 AD3d 558 [2007]; *cf. Levy v Grandone,* 14 AD3d 660, 661 [2005]). Similarly, as the complaint alleges that the defendants filed a false report accusing the plaintiff of a crime, it states a valid cause of action to recover damages for libel per se and slander per se (*see Fusco v Fusco,* 36 AD3d 589 [2007]). Further, the complaint sufficiently sets forth the elements of abuse of process, intentional infliction of emotional distress, and prima facie tort (*see Howell v New York Post Co.,* 81 NY2d 115, 121-122 [1993]; *Curiano v Suozzi,* 63 NY2d 113, 116 [1984]; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333 [1983]; *Minasian v Lubow,* 49 AD3d 1033 [2008]; *Marchionni v Drexler,* 22 AD3d 814 [2005]; *Kevin Spence & Sons v Boar's Head Provisions Co.,* 5 AD3d 352, 354 [2004]).

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to preclude certain testimony and evidence (*see Kerman v Martin Friedman, C.P.A., P.C.,* 21 AD3d 997 [2005]; *Assael v Metropolitan Tr. Auth.,* 4 AD3d 443 [2004]), as the plaintiff failed to demonstrate that she was entitled to the drastic remedy of preclusion (*see Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.,* 24 AD3d 742 [2005]).

The Supreme Court providently exercised its discretion in denying that branch of the appellant's cross motion which was to disqualify the plaintiff's attorney, as the appellant failed to establish that the attorney's testimony was necessary (*see Hudson Val. Mar., Inc. v Town of Cortlandt,* 54 AD3d 999, 1000 [2008]; *Bentvena v Edelman,* 47 AD3d 651 [2008]). Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.