ROBERT E. O'CONNOR, Respondent, v TIMOTHY M. DEMAREST et al., Appellants. [902 NYS2d 714]—

Lahtinen, J. Appeal from an order of the Supreme Court (McGrath, J.), entered July 16, 2009 in Columbia County, which denied defendants' motions to dismiss the complaint.

In July 2003, defendants agreed, as part of the settlement of litigation involving real property in the Town of Ancram, Columbia County, to convey an easement to plaintiff and also to construct thereon, within a set period of time, a driveway that complied with the pertinent municipal requirements. When the driveway was not constructed within the specified time period, plaintiff commenced an action in November 2005 seeking specific performance. On April 23, 2007, the parties entered into an oral stipulation on the record (later reduced to an order and judgment entered in June 2007) which, among other things, required defendants to complete the driveway and obtain any municipal approvals by June 8, 2007. Also on April 23, 2007, plaintiff contracted to sell his property, but the agreement had a cancellation provision in the event the driveway construction

and municipal approvals thereof were not completed by July 2, 2007.

Although the parties disagree about the date when the construction was completed, it is undisputed that required municipal approvals were not provided until July 9, 2007. Prior thereto, plaintiff had made an application via order to show cause to hold defendants in contempt and, significantly, on July 3, 2007, the individuals who had contracted to purchase plaintiff's property exercised the cancellation provision. Supreme Court (Donohue, J.) eventually denied plaintiff's motion seeking to hold defendants in contempt.

In November 2008, plaintiff commenced the current action against defendants alleging damages arising from the cancelled real estate contract and asserting causes of action for breach of contract, prima facie tort, fraud, and tortious interference with the contract. Defendants, who had divorced in August 2005, made separate motions to dismiss pursuant to CPLR 3211. Supreme Court (McGrath, J.) denied the motions and defendants now each appeal.

We consider first defendant Timothy M. Demarest's contention that the 2008 action should have been dismissed pursuant to CPLR 3211 (a) (4) upon the ground that there was another action involving the underlying circumstances already pending between the parties. "Courts enjoy broad discretion when considering an application to dismiss an action on the ground that another action is pending between the same parties dealing with a similar issue" (*Caudill v McGreevy*, 299 AD2d 626, 627 [2002] [citation omitted]; *see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Mid-State Precast Sys. v Corbetta Constr. Co.*, 133 AD2d 959, 960 [1987]). The 2007 settlement of the specific performance action commenced by plaintiff in 2005 provided that, in the event defendants failed to complete the driveway and obtain municipal approval by June 8, 2007, the 2005 action would reopen and plaintiff would be entitled to amend his complaint to assert additional causes of action. While plaintiff could have pursued his current claims within the context of a reopened and amended 2005 action, we are unpersuaded that Supreme Court abused its discretion in permitting the claims to instead be asserted in the 2008 action.

Both defendants assert that the current action is barred by res judicata since the 2005 action allegedly arose out of the same transaction. "Under New York's transactional approach to [res judicata], 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or

if seeking a different remedy' " (*Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Determining whether claims are part of the same transaction involves a "pragmatic test . . . analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage" (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100-101 [2005] [internal quotation marks and citations omitted]). The thrust of the current action is aimed at damages purportedly arising from the real estate contract that was cancelled allegedly because of defendants' failure to meet deadlines regarding the driveway. At the time of the settlement of the 2005 action, facts essential to the current claim had not occurred. Similarly, when plaintiff initiated the contempt motion, the real estate contract had not yet been cancelled. Under the circumstances, we agree with Supreme Court that res judicata is not a bar to the current action (*see generally Matter of Reilly v Reid*, 45 NY2d 24, 28-29 [1978]).

Defendant Maaike Demarest Kuen argues that the complaint fails to state a cause of action as to her because the property settlement agreement between Demarest and her in August 2005 as part of their divorce gave Demarest ownership and responsibility for the subject real property. There is no recorded deed or other document in the record that would have provided notice in 2005 that Kuen had transferred all her ownership interest. Moreover, at the on-the-record stipulation in April 2007, counsel entered into the settlement terms on behalf of both Demarest and Kuen. While Kuen may have a viable cross claim against Demarest, this record does not support summary dismissal of the current action as to her.

Kuen further contends that the complaint should be dismissed because the allegations are facially insufficient to support a cognizable legal theory (*see generally* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). This argument was not properly set forth before Supreme Court and, accordingly, is not preserved for our review (*see Goodspeed v Adirondack Med. Ctr.*, 43 AD3d 597, 598 [2007]). To the extent this contention may have merit, it can be advanced in a summary judgment motion after issue is joined by all parties and any necessary disclosure is completed.

Spain, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.