■ State of New York Workers' Compensation Board, Plaintiff, v 26-28 Maple Avenue, Inc., et al., Defendants, and Dan Hudon Sales, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Scalzo, Zogby & Wittig, Inc., Third-Party Defendant-Appellant. [915 NYS2d 744]—

Garry, J. Appeal from that part of an order of the Supreme Court (McDonough, J.), entered October 26, 2009 in Albany County, which partially denied third-party defendant's motion to dismiss the third-party complaint.

In 2004, 2005 and 2006, defendants Dan Hudon Sales, Inc. and Hudon's Sled Salvage, Inc. (hereinafter collectively referred to as Hudon) were members of the Manufacturing Self-Insurance Trust (hereinafter MSIT), a workers' compensation group self-insured trust (*see* Workers' Compensation Law § 50 [3-a]; 12 NYCRR part 317). In 2006, plaintiff informed MSIT that the trust was operating with a significant deficit, did not meet financial standards, and could not be restored to financial stability in a timely and appropriate manner. MSIT's trustees agreed to dissolve the trust, and plaintiff then assumed responsibility for its administration and dissolution. In May 2008, plaintiff commenced this action to recover a multimillion dollar fund reserve deficit from numerous former MSIT members, including Hudon. Based on its three-year participation in MSIT, Hudon was alleged to be jointly and severally li-

able for a portion of the total sum claimed. Hudon thereafter commenced a third-party action against its insurance broker/ agent, third-party defendant, Scalzo, Zogby & Wittig, Inc. (hereinafter SZW), asserting, among other causes of action, the violation of General Business Law § 349. SZW answered and moved to dismiss the third-party complaint. Hudon did not oppose the motion. Supreme Court granted SZW's motion except as to the General Business Law claim. SZW appeals.

General Business Law § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (General Business Law § 349 [a]) and grants a private right of action to any person injured by such acts or practices (see General Business Law § 349 [h]). The party claiming a statutory violation must show that the conduct was consumer-oriented, "that is, an act having the potential to affect the public at large, as distinguished from merely a private contractual dispute" (Elacqua v Physicians' Reciprocal Insurers, 52 AD3d 886, 888 [2008]), that the act or practice is "deceptive or misleading in a material way," and that the party claiming the violation was injured by the conduct (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]; see Baron v Pfizer, Inc., 42 AD3d 627, 628 [2007]).

Defendants allege that SZW engaged in deceptive or misleading conduct by claiming that membership in MSIT would result in "significant savings" while failing to advise of the risk of exposure to joint and several liability. Liberally construing this claim, as we must upon a motion to dismiss (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we do not find that the conduct alleged is consumer-oriented within the meaning of General Business Law § 349. The challenged acts or practices need not be recurring or repetitive (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25), and conduct addressed to business organizations, as opposed to individuals, may be found to be consumer-oriented (see id. at 26-27), but the application of this provision does require a showing of some potential that the conduct will affect consumers at large. "In other words, the deceptive act or practice may not be limited to just the parties" (Teller v Bill Hayes, Ltd., 213 AD2d 141, 145 [1995], lv dismissed and denied 87 NY2d 937 [1996]). Here, the third-party complaint includes no allegations from which a potential impact on other consumers may be found; it does not allege that SZW is generally engaged in the business of brokering or selling workers' compensation coverage, that it used standard documents or methods in selling coverage to Hudon that

were or could have been used to affect other similarly-situated employers, or even that SZW deals with other such employers at all (*compare Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]). Instead, the allegations describe a private dispute limited to the methods SZW used to sell coverage to Hudon and demonstrate no means by which those methods could broadly impact any others (*see Western Bldg. Restoration Co., Inc. v Lovell Safety Mgt. Co., LLC*, 61 AD3d 1095, 1102 [2009]).

Even had this "threshold requirement" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321 [1995]) been met, the third-party complaint further failed to sufficiently allege that SZW had committed a deceptive or misleading act. To meet this objective standard, a representation or omission must be "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26). The potential for joint and several liability inherent in membership in a workers' compensation group self-insured trust is mandated by statute (*see* Workers' Compensation Law § 50 [3-a]; *Matter of Aides At Home, Inc. v State of N.Y. Workers' Compensation Bd.*, 76 AD3d 727, 728 [2010]). Thus, Hudon could reasonably have obtained this information from another source (*compare Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 27). Moreover, upon joining MSIT, Hudon's officers executed participation agreements acknowledging, among other things, that Hudon would be jointly and severally liable for all participants' workers' compensation obligations during its membership and that it might be required to pay additional amounts to meet these obligations.* Thus, affording a liberal construction to the third-party complaint, accepting its allegations as true, and according the benefit of every favorable inference to Hudon (*see Bordeleau v State of New York*, 74 AD3d 1688, 1688 [2010]), no claim pursuant to General Business Law § 349 was stated, and SZW's motion to dismiss the claim pursuant to CPLR 3211 (a) (7) should have been granted. This determination makes it unnecessary to address SZW's further argument that the complaint should have been dismissed based upon documentary evidence (*see* CPLR 3211 [a] [1]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to third-party defendant, by reversing so much thereof as partially

---

* No representative of SZW signed the participation agreements, and the record does not indicate whether the agreements were furnished by SZW or by some other entity.

denied third-party defendant's motion to dismiss the third-party complaint; motion granted in its entirety and third-party complaint dismissed; and, as so modified, affirmed.