■ MURRAY BRESKY CONSULTANTS, LTD, Respondent, v NEW YORK COMPENSATION MANAGER'S INC., Defendants, and JAMES E. RANSOM et al., Appellants. [968 NYS2d 595]—

---

Spain, J. Appeals (1) from an order and amended order of the Supreme Court (Cahill, J.), entered December 19, 2011 in Sullivan County, which, among other things, partially denied defendant James F. Trombino's motion to dismiss the complaint against him and partially denied motions by defendants D. Scott Jaquith and James E. Ransom for summary judgment dismissing the complaint against them, and (2) from an amended order of said court, entered June 18, 2012 in Sullivan County, which, among other things, denied defendant James F. Trombino's motion to reargue.

Plaintiff was an employer member of the Manufacturing Self-Insurance Trust (hereinafter the trust), a workers' compensation group self-insured trust formed to provide required workers' compensation coverage to employees of trust members (*see* Workers' Compensation Law § 50 [3-a]; 12 NYCRR part 317); plaintiff was a member from 2001 until the trust was dissolved for insolvency in 2006 and, in 2007, the Workers' Compensation Board assumed responsibility for the administration of the trust's dissolution (*see State of N.Y. Workers' Compensation Bd. v 26-28 Maple Ave., Inc.*, 80 AD3d 1135, 1135 [2011] [same trust]). The trust was established by a 1997 Agreement and Declaration of Trust (hereinafter the trust agreement), and continued by successive trust agreements dated in 1997 (marked revised in 2000) and 2001, all signed by various trustees of the Board of Trustees (hereinafter the Board) on which the trust agreements conferred all responsibility for the trust's management, operation and administration (*see* 12 NYCRR 317.2 [b]). In 1997 (and again in 2001 and 2006), the Board entered into service agreements with defendant New York Compensation Manager's Inc. (hereinafter NYCM) to be the fund administrator and to supervise and manage the day-to-day operations of the trust.

When plaintiff joined the trust in 2001, it signed a participation agreement binding itself to the terms of the trust agreement, and agreeing that it would be jointly and severally liable for all workers' compensation obligations of the trust during the time that it remained a member, and that it might be required to pay additional contributions or assessments for trust deficiencies. In 2004, trust members were notified that a Workers' Compensation Board audit disclosed that the trust was underfunded. Thereafter, an action plan put in place to restore the trust's financial stability was unsuccessful, special assess-

ments were levied on members to remedy funding inadequacies and, in 2006, the Board and the Workers' Compensation Board agreed to dissolve the trust effective August 31, 2006. In 2008, the Workers' Compensation Board commenced an action against former members of the trust, including plaintiff, seeking damages and expenses related to the underfunding deficits of the trust (*State of N.Y. Workers' Compensation Bd. v 26-28 Maple Ave., Inc.*, 80 AD3d at 1135). Plaintiff settled that suit, agreeing to pay $1.2 million as its pro rata share of the deficits.

Plaintiff thereafter commenced this action in 2011 against, as relevant herein, NYCM and certain alleged former trustees, defendants James F. Trombino, D. Scott Jaquith and James E. Ransom (hereinafter collectively referred to as the trustee defendants), asserting causes of action for, among others, breach of contract, breach of fiduciary duties and common-law indemnification. Trombino moved to dismiss the complaint based upon statutes of limitations and failure to state a cause of action (*see* CPLR 3211 [a] [5], [7]). Jaquith and Ransom, after joinder of issue, moved for summary judgment on the same grounds.

Supreme Court partially granted the trustee defendants' motions, by dismissing the breach of contract and breach of fiduciary duty claims as time-barred, with the breach of contract claim against Ransom held to be time-barred only to the extent that it alleges actions occurring more than six years before this action was commenced. The trustee defendants' motions for dismissal with regard to plaintiff's common-law indemnification claims were denied, and their subsequent motions to reargue were also denied in a written amended decision and order making certain factual corrections. The trustee defendants now appeal the partial denial of their respective motions, and Trombino appeals from the denial of his motion to reargue.

The trustee defendants argue that plaintiff fails to state a claim for common-law indemnification and, thus, Supreme Court erred in denying their motions seeking dismissal for failure to state a cause of action.* Plaintiff's complaint alleges that the trustee defendants failed, among other shortcomings, to fulfill their contractual, statutory and fiduciary duties by failing to oversee the trust and NYCM, the fund administrator, so as to ensure that employer contribution rates and trust reserves were adequate to pay trust expenses and obligations; failed to ensure

---

* As Ransom and Jaquith served answers, they properly framed their motions for dismissal as ones for summary judgment (*see* CPLR 3212) and premised them upon CPLR 3211 (a) grounds that were asserted in their answers (*see Mann v Malasky*, 41 AD3d 1136, 1137 [2007]).

that new members met underwriting guidelines; allowed NYCM to mismanage the trust and usurp trustee responsibilities; allowed conflicts of interest; and generally failed to perform the duties entrusted to them. Further, plaintiff alleged that the trustee defendants' mismanagement allowed or caused the trust to become insolvent, compelling plaintiff as an employer member to fulfill its contractual and statutory obligation to pay the Workers' Compensation Board its share of the trust's fund reserve deficit, amounts for which the trustee defendants were responsible.

In considering a motion to dismiss based upon failure to state a cause of action, the complaint is liberally construed, the facts as alleged are accepted as true and the plaintiff is accorded the benefit of every favorable inference (*see* CPLR 3211 [a] [7]; *ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 227 [2011]; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). We "determine only whether the facts as alleged fit within any cognizable legal theory," to ascertain whether the plaintiff has a cause of action, not whether it has stated one (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Common-law indemnification, as alleged here, is a quasi-contract claim in which a contract is implied in law in order to avoid unjust enrichment, accomplished by shifting a loss by "placing the obligation where in equity it belongs" (*McDermott v City of New York*, 50 NY2d 211, 217 [1980]; *see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374-375 [2011]). Common-law indemnification avoids unfairness and unjust enrichment by "recogniz[ing] that [a] person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity" (*McDermott v City of New York*, 50 NY2d at 217 [internal quotation marks and citation omitted]; *see Westbank Contr., Inc. v Rondout Val. Cent. School Dist.*, 46 AD3d 1187, 1189 [2007]; Restatement of Restitution § 76). It "requires a showing that [the] plaintiff and [the] defendant[ ] owed a duty to third parties, and that [the] plaintiff discharged the duty which, as between [the] plaintiff and [the] defendant[ ], should have been discharged by [the] defendant[ ]" (*Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson*, 294 AD2d 93, 98 n 2 [2002], *affd* 100 NY2d 202 [2003]; *see Rosado v Proctor & Schwartz*, 66 NY2d 21, 24 [1985]; *McDermott v City of New York*, 50 NY2d at 216-217, 218 n 5; *HANYS Servs. v Empire Blue Cross & Blue Shield*, 292 AD2d 61, 66 [2002], *lv denied* 98 NY2d 612 [2002]).

Supreme Court correctly determined that plaintiff has a cause

of action against the trustee defendants, given their common duty to plaintiff's covered employees and to the Workers' Compensation Board to maintain adequate reserves in the trust so that it was adequately funded and its assets would cover its liabilities (*see* 12 NYCRR 317.9; Workers' Compensation Law former § 50 [3-a]). Plaintiff alleged that it performed all of its statutory and contractual duties relative to the participation agreement and the trust, and paid the settlement to cover its share of the underfunding that it had a duty to pay, given its joint and several liability for the obligations and debts of the trust incurred during its membership. Further, plaintiff asserts that while this settlement payment was owed by plaintiff, as a matter of fairness, the trust deficiency should have been paid by the trustee defendants who were the parties actually responsible for it (*see McDermott v City of New York*, 50 NY2d at 217). As such, plaintiff has a viable cause of action against the trustee defendants.

Notably, contrary to the trustee defendants' claim, the fact that plaintiff was by statute (*see* Workers' Compensation Law former § 50 [3-a] [2]) and per the trust agreement jointly and severally responsible for all of the liabilities and deficiencies of the trust during its period of membership and compelled to pay its share of the deficit did not preclude plaintiff from stating and pursuing a common-law indemnification claim against the trustee defendants; such a claim is premised upon the principle that, in fairness, the deficiency "should have been discharged by the[m]" (*McDermott v City of New York*, 50 NY2d at 217). Further, plaintiff's indemnification "claim is a separate substantive cause of action, independent of the underlying wrong[s]," and not dependent upon the existence of any other claims (*id.* at 218). Thus, the dismissal of other claims does not affect the viability of this claim.

Further, plaintiff's claim for indemnification implied by law does not require that it specify the amount of damages attributable to each trustee defendant's time as trustee, only that it specify that it paid a common obligation that the trustee defendants ought to have paid. Plaintiff indicated the amount of the settlement ($1.2 million) it paid to satisfy its obligation for the deficiency, and indicated in its complaint that the precise amount attributable to each trustee defendant is "not immediately ascertainable" but expected to be indemnified in an amount "no less than the sum of $2 [million]." The complaint cannot, in our view, be interpreted as seeking indemnification from the trustee defendants for periods before or after their respective tenures as trustees, as Trombino suggests. Supreme

Court properly determined that plaintiff stated a cause of action for common-law indemnification as against the trustee defendants and correctly denied their respective motions on this ground.

Turning to Jaquith's argument that he was entitled to summary judgment on the common-law indemnification claim because plaintiff failed to offer evidence that he was ever formally appointed a trustee or ever acted in that capacity, we find that Supreme Court properly denied his motion given the presence of material questions of fact thereon (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]). In support of his motion, Jaquith submitted an affidavit admitting that while he signed certain documents that state he did so as a trustee, he had no recollection of being so appointed and did not understand the position of trustee. Jaquith also submitted a letter dated November 27, 2002 in which he resigned from the "Board of Directors" of NYCM, which he claims reflects his misunderstanding of his role. The foregoing was insufficient to meet his initial burden, as movant, of demonstrating entitlement to judgment as a matter of law with evidence establishing the absence of any material issues of fact regarding whether, and for what period, he was appointed or was a de facto trustee (*see Smalls v AJI Indus., Inc.*, 10 NY3d at 735). Similarly, plaintiff's complaint and bill of particulars allege actionable conduct by Jaquith related to his responsibilities as a trustee prior to his purported 2002 letter of resignation; while plaintiff was unsure when the deficit began, the Workers' Compensation Board determination regarding the cumulative deficit left open the possibility that the deficiency was incurred partially during Jaquith's tenure, which further discovery would disclose. Jaquith offered no evidence other than a blanket denial to eliminate the factual questions regarding whether his conduct when he was allegedly at least acting as a trustee contributed to the deficiency. Thus, his motion for summary judgment was properly denied (*see Hickey v Arnot-Ogden Med. Ctr.*, 79 AD3d 1400, 1401-1402 [2010]).

Next, Jaquith and Ransom contend that the complaint should have been dismissed as to them on the ground that the exculpatory clause in the trust agreements exempted them from all liability. Having not raised this issue in their motions, it was not addressed by Supreme Court and is unpreserved for our review (*see* CPLR 5501 [a] [3]; *O'Connor v Demarest*, 74 AD3d 1522, 1524 [2010]). In any event, the provision in the 1997 trust agreements protecting trustees against personal liability for trust liabilities, debts and obligations is qualified by the provision that "nothing herein shall exempt any Trustee from liability arising

out of his own willful misconduct, bad faith or gross negligence"; the 2003 trust agreement provides that "no Trustee shall be liable for any mistake of judgment or other action taken or omitted by such Trustee in good faith" and that trustees are to be indemnified by the trust if they "acted in good faith and in a manner believed to be in or not opposed to the best interest of the Trust and the Participants." Plaintiff's allegations raised material questions of fact as to whether the trustee defendants' conduct was exempted under these contractual provisions.

Finally, Ransom contends that plaintiff failed to state a cause of action against him for breach of contract because there was no contract between them. At this procedural juncture, we accept the facts as alleged in the complaint as true (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d at 87-88). Plaintiff alleged in its complaint that Ransom was a trustee beginning with the formation of the trust in 1997 through its 2007 dissolution, and signed all of the trust agreements. The 1997 trust agreements provide that they are between the trustees and participant employers, with participant employers defined as those who "are accepted as participants in this Trust by the Trustees" and "agree in writing to be bound by the terms" of the trust. In 2001, plaintiff signed a participation agreement with the trust doing exactly that, becoming a member of the trust and agreeing to be bound by the trust agreements. In 2003, Ransom signed another trust agreement that indicated it was between the trustees and participant employers and outlined the trustees' duties and obligations to manage and operate the trust for the benefit of the participant employers. As such, plaintiff sufficiently alleged that a contract was formed between itself and Ransom as trustee, that it fully performed while Ransom failed in numerous respects to fulfill his contractual obligations, and that it suffered damages as a consequence of Ransom's breach, so as to state a claim for breach of contract (*see Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009]). In the alternative, plaintiff also has a claim (*see Leon v Martinez*, 84 NY2d at 88) for recovery as a third-party beneficiary of the foregoing agreements given that "the facts as alleged fit within [that] cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Saratoga Schenectady Gastroenterology Assoc., P.C. v Bette & Cring, LLC*, 83 AD3d 1256, 1257 [2011]). Thus, Supreme Court correctly denied Ransom's motion for summary judgment dismissing the breach of contract claim.

Finally, Trombino's appeal from the order denying his motion to reargue must be dismissed, as no appeal lies from the denial

of such motion (see *People ex rel. Timothy I. v Mr. Campbell*, 95 AD3d 1497, 1497 [2012]; *Putney v People*, 94 AD3d 1193, 1195 [2012], *appeal dismissed* 19 NY3d 1020 [2012]). The trustee defendants' remaining claims have been examined and determined to lack merit.

Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that order and amended order entered December 19, 2011 are affirmed, with costs. Ordered that the appeal from the amended order entered June 18, 2012 is dismissed.