■ CHENANGO CONTRACTING, INC., Appellant, v HUGHES ASSOCIATES, LANDSCAPE ARCHITECTS PLLC, Doing Business as HMH SITE AND SPORTS DESIGN, et al., Respondents. [8 NYS3d 724]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered April 10, 2014 in Broome County, which granted defendants' motion to dismiss the complaint.

Plaintiff installs artificial turf on athletic fields using FieldTurf. A competitor of FieldTurf in the artificial turf installation business is A-Turf. Defendants were retained by the State University of New York (hereinafter SUNY) at Cortland as consultants to, among other things, prepare and review bid specifications for the installation of an artificial turf field at the university. The bid specifications prepared by defendants required A-Turf or an approved equal. The contract was awarded by SUNY Cortland to Adhan Piping Company, Inc.,

which allegedly subcontracted to have plaintiff install the artificial turf. Defendants, however, rejected samples of plaintiff's FieldTurf submitted by Adhan as not meeting contractual specifications. As a result, Adhan terminated its subcontract with plaintiff and used A-Turf for the SUNY Cortland project. Thereafter, defendants were retained as consultants on two other projects involving installation of artificial turf, one at SUNY Brockport and another at the City School District of the City of Niagara Falls. Defendants allegedly again used specifications that were narrowly drafted to specifically favor A-Turf and did so despite protests from plaintiff. A-Turf ultimately installed the artificial turf at these projects.

Plaintiff commenced this action alleging tortious interference with contract as to the SUNY Cortland project and tortious interference with prospective business as to the other projects. Prior to disclosure, defendants moved to dismiss the complaint, and they also referred to the motion in a supporting affidavit as one for summary judgment. Supreme Court treated the motion as one to dismiss pursuant to CPLR 3211, and granted it. Plaintiff appeals.

Initially, we note that, although there was confusion regarding the nature of the motion, it was made after an answer was filed and therefore was for summary judgment (*see Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc.*, 106 AD3d 1255, 1257 n [2013]; *Fischer v RWSP Realty, LLC*, 53 AD3d 594, 595 [2008]; *Mann v Malasky*, 41 AD3d 1136, 1137 [2007]). Nonetheless, since the motion (made shortly after serving the answer and before disclosure) argued an absence of any legal viability of the alleged causes of action, Supreme Court did not err in treating the motion as a narrowly framed post-answer CPLR 3211 (a) (7) ground asserted in a summary judgment motion (*see* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:28 at 47-48; C3212:20 at 29-30; *see also Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc.*, 106 AD3d at 1257-1258). When dismissal is sought for failure to state a cause of action and, as here, plaintiff submits affidavits, "a court may freely consider [those] affidavits . . . and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88 [1994], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Turning to the merits of the motion, "the laws requiring competitive bidding were designed to benefit taxpayers rather than

corporate bidders and, thus, should be construed and administered with sole reference to the public interest" (*Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51, 54 [1997] [internal quotation marks and citations omitted]; *see Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 193 [1968]). Therefore, the remedy for an alleged violation of the competitive bidding statutes typically involves a timely CPLR article 78 proceeding challenging the bidding process (*see generally Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y.*, 61 AD3d 1248, 1250 [2009], *lv denied* 13 NY3d 701 [2009]). However, a narrow exception to the limited remedy may exist where a plaintiff does not seek relief from the public entity, but brings an action against someone working on behalf of the public entity in the competitive bidding process who allegedly engaged in egregious conduct unknown to the public entity aimed at intentionally subverting a fair process (*see Terminate Control Corp. v Horowitz*, 28 F3d 1335, 1343 [1994]). Allegations of restricting competition to artificial turf manufactured by A-Turf could be part of a cognizable claim under the narrow exception (*cf. Spring Hill Lighting & Supply Co., Inc. v Square D Co., Inc.*, 662 So 2d 1141, 1144-1145 [Ala Sup Ct 1995] [construing Alabama law]).

Here, in addition to a detailed verified complaint, plaintiff also included in opposition to the motion, among other things, a 20-page affidavit from its corporate secretary, as well as affidavits from its regional sales representative and the general contractor on the SUNY Cortland project. Allegations include, among many others, that plaintiff's product, FieldTurf, is used at numerous professional and collegiate sports facilities, and that plaintiff has installed the product at a long list of major colleges and universities as well as high schools. Plaintiff contends that defendants were in contact with A-Turf and plotted ways to favor A-Turf while excluding plaintiff and other competitors. Defendants allegedly misrepresented and/or withheld information from SUNY Cortland and other public entities in an effort to undermine plaintiff and ensure that A-Turf was used on the project. Plaintiff asserts that, in collusion with A-Turf, defendants crafted specifications to mirror A-Turf's proprietary product to purposefully eliminate any competitors. To the extent that there apparently was a question about plaintiff's status as a subcontractor in the SUNY Cortland project, the affidavit of the general contractor on that project states that plaintiff was the subcontractor and adds that, in his opinion, plaintiff met the specifications for the project. Plaintiff explains in great detail the reasons it believes it can prove that defendants acted in bad faith when refusing to al-

low its product in the SUNY Cortland project and the manner in which defendants purposefully excluded without justification all competitors to A-Turf in the various projects. Given the unusual and narrow circumstances, and after according plaintiff the benefit of every favorable inference in its detailed and lengthy verified submissions, we are unpersuaded that plaintiff failed to allege any cognizable theory.

McCarthy, Garry and Lynch, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.