■ VISION ACCOMPLISHED, INC., Respondent, v LOWE PROPERTIES, LLC, et al., Appellants. [16 NYS3d 840]—In an action to recover damages for unjust enrichment and fraud, the defendants appeal from an order of the Supreme Court, Nassau County (DeStefano, J.), dated August 2, 2013, which denied their motion for summary judgment dismissing the second cause of action, which sought to recover damages for fraud.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for unjust enrichment and fraud. The defendants moved for sum-

mary judgment dismissing the second cause of action, which sought to recover damages for fraud, on the ground that the allegations of misrepresentation and reliance contained in the complaint were insufficient as a matter of law. The Supreme Court denied the defendants' motion.

"A motion for summary judgment may be made after issue has been joined based on CPLR 3211 (a) grounds which have been asserted in the answer" (*Light v Light*, 64 AD3d 633, 634 [2009]; *see Fischer v RWSP Realty, LLC*, 53 AD3d 594, 595 [2008]). Here, the verified answer interposed by the defendants included, as the first affirmative defense, the contention that the complaint failed to state a cause of action. However, the defendants' contention that the allegations in the complaint were insufficient to state a cause of action sounding in fraud is without merit.

"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011]; *Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]). Here, the allegations in the complaint were sufficient to allege a material misrepresentation of fact, since the plaintiff asserted that the defendants induced it to provide certain services based upon promises that the defendants, unbeknownst to the plaintiff, had no intention of keeping at the time those promises were made (*see Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407 [1958]; *Neckles Bldrs., Inc. v Turner*, 117 AD3d 923, 925 [2014]; *Braddock v Braddock*, 60 AD3d 84, 90 [2009]; *cf. Lanzi v Brooks*, 43 NY2d 778, 779-780 [1977]; *Brown v Lockwood*, 76 AD2d 721, 731 [1980]). Furthermore, contrary to the defendants' contention, it cannot be said that the plaintiff's reliance on the alleged misrepresentations was unreasonable as a matter of law (*see Schumaker v Mather*, 133 NY 590, 596-597 [1892]; *Braddock v Braddock*, 60 AD3d at 88-89; *cf. Orlando v Kukielka*, 40 AD3d 829, 831 [2007]; *Curran, Cooney, Penney v Young & Koomans*, 183 AD2d 742, 743 [1992]). Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the burden never shifted to the plaintiff, and the defendants' motion was properly denied without regard to the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.