Landa v Capital One Bank (USA), N.A. (2019 NY Slip Op 03779)





Landa v Capital One Bank (USA), N.A.


2019 NY Slip Op 03779


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03122
 (Index No. 504382/15)

[*1]Benjamin Landa, respondent, 
v
Capital One Bank (USA), N.A., appellant.


Lazer Aptheker Rosella & Yedid, P.C., Melville, NY (Joseph C. Savino of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Howard Fensterman and John S. Cahalan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated March 8, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff is a shareholder of a nursing home business, Parkview Care and Rehabilitation Center, Inc. (hereinafter Parkview), that maintained a bank account at the defendant, Capital One Bank (USA), N.A. (hereinafter Capital One). Ann Gottlieb, who provided administrative and back-office services to Parkview, received a letter from Capital One indicating that Parkview's account would soon be closed. When Gottlieb contacted Capital One about the closure, Sanjay Mukhi, a Capital One employee, told her that if Parkview removed the plaintiff as a signatory on the bank account, the account would not be closed. When Gottlieb and Mukhi met in person thereafter, Gottlieb inquired as to Capital One's "problem" with the plaintiff. The complaint alleges that Mukhi stated to Gottlieb that the issue was one of corporate compliance and that, as to "anyone who was a signatory on an account with Western Union or a pawn shop or check cashing business, they [Capital One] did not know who they were dealing with and [the plaintiff] was working with a check cashing business and they [Capital One] were therefore concerned that [the plaintiff] was engaged in money laundering."
In April 2015, the plaintiff commenced this action against Capital One to recover damages for defamation. Capital One filed its answer in May 2016, and in September 2016, it moved for summary judgment dismissing the complaint. By order dated March 8, 2017, the Supreme Court denied the motion. Capital One appeals. We reverse and grant the motion.
A motion for summary judgment may be made after issue has been joined based on CPLR 3211(a) grounds which have been asserted in the answer (see Light v Light, 64 AD3d 633, 634; Fischer v RWSP Realty, LLC, 53 AD3d 594, 595; Mann v Malasky, 41 AD3d 1136). A cause [*2]of action predicated on alleged defamatory statements is subject to dismissal if the statements are insufficiently pleaded, constitute nonactionable opinion, or are subject to a qualified privilege defense (see Gottlieb v Wynne, 159 AD3d 799, 800; Arvanitakis v Lester, 145 AD3d 650, 652).
The factors to be considered when distinguishing between assertions of fact and nonactionable expressions of opinion are: "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact'" (Gross v New York Times Co., 82 NY2d 146, 153, quoting Steinhilber v Alphonse, 68 NY2d 283, 292; see Brian v Richardson, 87 NY2d 46, 51). "Distinguishing between fact and opinion is a question of law for the courts, to be decided based on what the average person hearing or reading the communication would take it to mean,'" taking into account the overall context in which the assertions were made (Davis v Boeheim, 24 NY3d 262, 269, quoting Steinhilber v Alphonse, 68 NY2d at 290; see Brian v Richardson, 87 NY2d at 51). In making this determination, "the courts must consider the content of the communication as a whole, as well as its tone and apparent purpose" (Brian v Richardson, 87 NY2d at 51).
Here, we disagree with the Supreme Court's determination denying Capital One's motion for summary judgment dismissing the complaint. The allegedly defamatory statement was made in the context of Mukhi's explanation for the closure of Parkview's account due to a corporate compliance issue. The overall content of the communication suggested that Capital One would be "concerned" about money laundering whenever "anyone" was a signatory on an account with a check cashing business, not that Capital One was actually accusing the plaintiff of this crime. Based upon the content of the communication and the overall context in which it was made, the average listener would take the statement to be one of opinion (see generally Brian v Richardson, 87 NY2d 46).
Moreover, contrary to the plaintiff's contention, the allegedly defamatory statement was not one of actionable mixed opinion. Instead, it was "a statement of opinion which is accompanied by a recitation of the facts upon which it is based" (Steinhilber v Alphonse, 68 NY2d at 289; see Gross v New York Times Co., 82 NY2d at 153-154). There was no implication that Mukhi knew " certain facts, unknown to [the] audience, which support [the speaker's] opinion and are detrimental to the person' being discussed" (Davis v Boeheim, 24 NY3d at 269, quoting Steinhilber v Alphonse, 68 NY2d at 290). 
The defendant's remaining contention need not be addressed in light of our determination.
Accordingly, Capital One's motion for summary judgment dismissing the complaint should have been granted.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur

2017-03122 DECISION & ORDER ON MOTION
Benjamin Landa, respondent, v Capital One Bank
(USA), N.A., appellant.
(Index No. 504382/15)

Motion by the appellant on an appeal from an order of the Supreme Court, Kings County, dated March 8, 2017, in effect, to withdraw certain portions of its brief referring to an affidavit of Sanjay Mukhi dated September 9, 2016. By decision and order on motion of this Court [*3]dated August 24, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court